UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMNY BENEGAS SANDOVAL (A-206-488-986),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-04131-DAD-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Emny Benegas Sandoval, a citizen and native of Honduras, entered the United States on or about February 14, 2014, and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was initially detained by Customs and Border Protection and subsequently released. During his time in the United States, petitioner has been arrested by local authorities on multiple different occasions for different charges. On March 11, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained petitioner. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

///

1 This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Honduras. (ECF No. 8-2 at 1.) On or about February 14, 2014, petitioner entered the United States without inspection when he was ten years old and was detained by U.S. Customs and Border Protection. (Id.) Petitioner was subsequently released. (Id. at 3.) Petitioner has been arrested by local authorities on multiple different occasions for different charges. (ECF No. 8-3.) Respondent asserts the following criminal history for petitioner:[2] (1) on December 4, 2024, petitioner was convicted of disregarding safety: evading police, in violation of California Vehicle Code § 2800.2(a); (2) on November 10, 2025, petitioner was convicted of felony grand theft, in violation of California Penal Code § 487(d); and (3) on March 5, 2026, petitioner was arrested for violating a court order to prevent domestic violence in violation of California Penal Code § 273.6(a). (ECF No. 8 at 2; ECF No. 8-3 at 5, 7, 8.)

On March 11, 2026, petitioner was taken into ICE custody. (ECF No. 1 at 5.) Petitioner alleges that after his detention by ICE, he has been subjected to inhumane treatment and conditions. (See id. at 7.)

## II. PROCEDURAL BACKGROUND

On May 29, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 2.) On June 10, 2026, respondent timely filed an answer to the petition. (ECF No. 8.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a

---

[2] In the answer, respondent includes criminal charges against petitioner that were subsequently dismissed or dropped. Respondent does not assert detention authority on the basis of dismissed or dropped charges, and the Court therefore does not address these charges.

petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention to raise a due process claim under the Fifth Amendment and a statutory claim under the Immigration and Nationality Act ("INA"). (See ECF No. 1.) In the response to the petition, respondent appears to have construed the petition to raise the following claims: (1) a Fifth Amendment due process claim; and (2) a statutory claim under the INA. (See ECF No. 8.) Therefore, there is no prejudice to respondent in the Court's construction. (See id.)

### A. Detention Authority & Due Process Claim

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) as his felony conviction renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). (ECF No. 8 at 4.)

Section 1226(c)(1) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 8 U.S.C. § 1182(a)(2)(A)(i)(I) applies to a noncitizen convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Based on the record presently before the Court, this Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1) because he is inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) based on his conviction for grand theft under California Penal Code § 487(d), which constitutes a crime involving moral turpitude. (ECF No. 8-3 at 7.) The Ninth Circuit has held that theft offenses under California Penal Code §§ 484, 487 constitute a

crime involving moral turpitude. See Silva v. Garland, 993 F.3d 705, 717 (9th Cir. 2021) (holding that a violation of § 484(a) constitutes a crime involving moral turpitude); see also id. at 710 n.1 (noting that the elements of petty theft under § 484(a) and grand theft under § 487 share the same elements apart from the amount or type of property taken). Further, the Court finds that petitioner does not qualify for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii) where the maximum sentence for petitioner's statute of conviction is up to three years in prison. See Cal. Penal Code §§ 489, 1170(h); see also Ballinas-Lucero v. Garland, 44 F.4th 1169, 1173 (9th Cir. 2022) ("A [crime involving moral turpitude] qualifies under the petty offense exception if the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year and ... the alien was not sentenced to a term of imprisonment in excess of [six] months.") (internal quotation and citation omitted). Thus, because petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) due to his conviction for a crime involving moral turpitude, his detention is governed by 8 U.S.C. § 1226(c).

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).

"Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Because petitioner has been detained for approximately 4.5 months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Because petitioner has not demonstrated a liberty interest based on his detention of approximately 4.5 months, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/bene4131.FRs.2241.imm/9